## MURDOCK *et al.* v. FARRELL.

No. 2945.   Decided March 10, 1917.   (163 Pac. 1102.)

1. EVIDENCE—DOCUMENTS—LAYING FOUNDATION.  Excluding a letter where a proper foundation has not been laid for its admission in evidence is not error.  (Page 317.)

2. PLEADING—EVIDENCE ADMISSIBLE—GENERAL DENIAL—AFFIRMATIVE DEFENSE.  Where the complaint states a cause of action on a promise to pay for release of plaintiff's interest in certain sheep and an outfit of supplies, defendant cannot prove under a general denial that plaintiff leased sheep from an incompetent Indian ward of the United States, and that defendant took possession as a sub-agent.  (Page 318.)

3. APPEAL AND ERROR—PRESERVATION OF GROUNDS OF REVIEW—INSTRUCTIONS—EXCEPTIONS.  Where no exception is taken to the charge it constitutes the law of the case.  (Page 318.)

4. INDIANS—POWER OF INDIAN AGENT—SEIZURE OF PROPERTY IN INDIAN COUNTRY.  Under Rev. St. U. S. Sections 2147, 2148 (U. S. Comp. St. 1913, Sections 4150, 4151), giving Indian sub-agents authority to remove from Indian country all persons therein contrary to law, an Indian sub-agent cannot, without going into court, seize property of an Indian ward held by a white man in Indian country.  (Page 318.)

5. EVIDENCE—JUDICIAL NOTICE—STATUS OF INDIAN.  This court will not take judicial notice of the legal status of any particular Indian, as many of them have the same status as white men.  (Page 318.)

6. EVIDENCE—JUDICIAL NOTICE—INDIAN—IDENTITY.  This court will not take judicial notice that Towanta, an Indian, in this proceeding, is the same Towanta named in *United States* v. *Fitzgerald*, 210 Fed. 295, 119 C. C. A. 533.  (Page 318.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan*, Judge.

Action by Edward Murdock and another against John Farrell.

Judgment for plaintiffs. Defendant appeals.

AFFIRMED.

*W. W. Ray and David S. Cook* for appellant.

*A. C. Hatch and E. A. Walton* for respondents.

FRICK, C. J.

The plaintiffs sued the defendant in the district court of Wasatch county to recover the sum of $487.11, which, they alleged, the defendant agreed to pay them for a certain camping outfit and for their interest in a certain band of sheep. In view of the contentions made by the defendant, as will hereinafter more fully appear, we append the complaint and answer just as his counsel have set them forth in their printed abstract. The complaint reads as follows:

"Plaintiffs complain of the defendant and allege: (1) That on or about the 6th day of May, A. D. 1913, the plaintiffs had a lease of certain sheep then in the possession of plaintiffs at Wasatch county, Utah, and also were the owners and in possession of an outfit for camping and supplies and food for use in the care and herding of said sheep; and that the defendant then and there promised and agreed with plaintiffs to pay to plaintiffs for the release of said sheep and for the outfit and supplies aforesaid, the sum of $487.11, and that in consideration of the promise and agreement of the defendant aforesaid, the plaintiffs released and delivered the said sheep to the defendant and released and delivered the aforesaid outfit and supplies and food to the defendant. (2) That the said sum of $487.11 has not been paid nor any part thereof. Wherefore plaintiffs demand judgment against the defendant for the sum of $487.11, with legal interest thereon from the 6th day of May, A. D. 1913, until paid, and for their costs in this action."

The answer reads as follows:

"Comes now the above-named defendant and for answer

to plaintiffs' complaint herein denies specifically and generally each and every allegation in plaintiffs' complaint contained. Wherefore defendant prays judgment that the said plaintiffs take nothing by their said action and for costs herein."

Upon the foregoing issues a trial to a jury resulted in a verdict in favor of the plaintiffs for the amount claimed. Judgment was entered upon the verdict, and the defendant appeals.

The errors assigned all relate to the rulings of the court in excluding certain evidence which was sought to be elicited by the defendant on cross-examination of the plaintiffs, who were witnesses in their own behalf, and to the exclusion of a certain letter offered in evidence by him. Briefly stated, the alleged errors arose as follows: At the trial plaintiffs substantially proved the allegations of their complaint. Upon their cross-examination, however, they admitted that they had leased the sheep in question from one Towanta, and that they were to receive a certain amount of the wool produced from said sheep and a certain amount of the increase thereof for herding and caring for them for a stated number of years. They also testified that the other property, consisting of a camping outfit, that is, a herder's wagon, goods, and other supplies, belonged to them. They further testified that the defendant agreed to pay them for their interest in the sheep and for their camping outfit and supplies the amount stated in the complaint. The defendant denied that he purchased plaintiffs' interest in said sheep or camping outfit, but claimed that he obtained possession of the sheep and camping outfit with the consent of the plaintiffs as a subagent in the employ of the so-called Indian Service of the United States government, and that he took possession thereof under and by virtue of the Revised Statutes of the United States, Sections 2147, 2148 (U. S. Comp. St. 1913, Sections 4150, 4151) which read as follows:

"Sec. 2147. The superintendent of Indian affairs, and the Indian agents and subagents, shall have authority to remove from the Indian country all persons found therein contrary to law; and the President is authorized to direct the military force to be employed in such removal.

"Sec. 2148. If any person who has been removed from the Indian country shall thereafter at any time return or be found within the Indian country, he shall be liable to a penalty of one thousand dollars."

It is also claimed that he simply promised the plaintiffs that he would ascertain what they were entitled to, if anything, for herding the sheep and for the property in question, and if their claims were just, would recommend their payment by Towanta, etc.

The defendant, also, on cross-examination, attempted to prove certain facts, as will appear from the following questions which were propounded to the witnesses by his counsel, namely:

"Q. Do you know as to whether or not there was a regularly established (Indian) reservation there at the time?" (That is, where the sheep were when taken by the defendant.) "Q. Before the last conversation with Towanta and his wife why did you go to Mr. Martin?" (Mr. Martin was the government Indian agent, and the Towanta named was the owner of the sheep in question.) "Q. Do you know upon what lands, or upon what territory, the herding [of the sheep in question] was done?" "Q. Had you, or anybody representing you, to your knowledge, had any conversation with the agent, Mr. Martin, or anybody else, with respect to what was done with Towanta's sheep?" (The sheep in question.) "Q. And whom did you see at the post?" "Q. Now, let me ask you what you went over to the post for?"

The other assignment relates to the ruling of the court in excluding an alleged copy of a letter which was offered by the defendant in evidence. We may as well dispose of the assignment relating to the exclusion of the letter first. It is sufficient to state that if it were assumed that the letter was proper evidence, if properly identified and a proper foundation for its admission had been laid, yet the proper foundation for its admission was not laid, and hence the court committed no error in excluding it.

Recurring now to the questions to which objections were sustained. Briefly stated, the objections interposed to those questions at the trial, and now insisted upon, are that

the questions were not proper cross-examination, and        **2**
that they were irrelevant to any issue in the case.  A
mere cursory examination of some of the foregoing questions
discloses that they contain matter which was quite irrelevant
under any possible view that might be taken of the issues
raised by the pleadings.  Upon the issues raised by the plead-
ings the court charged the jury as follows:

"In this case the principal question for you to decide is
whether or not the defendant, John Farrell, agreed to pay
to the plaintiffs a certain sum of money for the release of
the sheep mentioned in the evidence in this case, and for the
outfit and supplies delivered by the plaintiffs to the defendant.
If you find from the preponderance of the evidence in this
case that the defendant, John Farrell, promised and agreed to
pay to the plaintiffs for the release of said sheep and for the
delivery of said outfit and supplies a certain sum of money,
it will then be your duty to find for the plaintiffs in this
action, and to award the plaintiffs judgment for such sum
of money, if any, which you find from the preponderance of
the evidence that the defendant agreed to pay to the plain-
tiffs, together with interest thereon from January 1, 1914, at
the rate of 8 per cent. per annum."

There is no exception to the foregoing charge, and it thus
constitutes the law of the case.  How, in the face of
the foregoing charge, the answers to the foregoing        **3-6**
questions, although all were answered in accordance
with the defendant's desires, could possibly have affected the
result we are unable to understand.  The contention on the
part of the defendant, however, is that if those questions had
been answered, it would have appeared that he did not pur-
chase the plaintiffs' interest in the sheep and camping outfit,
but that he took them by virtue of the provisions of Sections
2147 and 2148, supra.  We fail to discover anything in those
sections which gave the defendant any right to take the sheep
and to appropriate to his own use the camping outfit and
supplies, the latter confessedly being the property of the
plaintiffs.  But, say defendant's counsel, Towanta, the owner
of the sheep, was an Indian and a ward of the United States
government, and that in view of the decision in the case of

*United States* v. *Fitzgerald,* 210 Fed. 295, 119 C. C. A. 533, the defendant, as a sub-Indian agent, had the right to take Towanta's sheep from plaintiffs. We do not so read that case. While in that case it is held that the United States government may maintain an action to protect all Indian wards of the government in their property rights, it is not held that any Indian agent, or subagent, may constitute himself court and jury and determine for himself, without going into court, what and whose property he will take. It may be that if it were pleaded and proved in a proper case commenced by the United States government in the federal courts, or in any court having jurisdiction of the subject-matter, that the Indian, Towanta, was an Indian, and, as such, was a ward of the United States government, and that he had been defrauded of his property or was about to be, the court in which the action was brought, as in the cited case, would determine the rights of all claimants, and especially those of the Indian, Towanta. There is, however, no allegation nor proof in this case that Towanta was an Indian ward of the United States government. Nor is there any allegation or proof that he was being defrauded of his property, or that the same was in jeopardy, or that he was not legally competent to deal with his own property. We certainly do not take judicial notice of the legal status of any particular Indian in view that there are many of them in this state whose legal status and rights are those of the white man. Nor do we take judicial notice that the Towanta named in the cited case is the same Towanta named in this proceeding.

It follows, therefore, that whatever view may be taken of this case the alleged errors are not of that character which authorizes us to interfere with the judgment.

The judgment is therefore affirmed, with costs to plaintiffs.

McCARTY and CORFMAN, JJ., concur.